PICHEL, Admr. v. FAIR STORE CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3196. Decided April 30, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

CONTRACTS.
(150 I5b) Contract made by insane person can be enforced in favor of other party, when such contract has been entered into by other party in good faith, without knowledge of insanity, for fair and adequate consideration, and when consideration that has passed to insane person cannot be returned.

Error to Common Pleas.

Judgment affirmed.

Sawyer & Pichel and Joseph Pichel, Cincinnati, for Pichel.

Frank J. Richter, Cincinnati, for Fair Store Co.

STATEMENT OF FACTS.

The Fair Store Company, defendant in error here, brought suit in the Municipal Court of Cincinnati against Joseph Pichel, as administrator of the estate of Sidney A. Loth, deceased, plaintiff in error here, for the sum of $119.89 with interest. The suit was based upon a contract.

The trial resulted in a judgment in the Municipal Court for the plaintiff. The administrator prosecuted error to the Court of Common Pleas, which affirmed the judgment of the Municipal Court. Error is prosecuted here seeking a reversal of the judgment of the Court of Common Pleas.

The defense to the action was the alleged insanity of the administrator's decedent, Sidney A. Loth, at the time the contract was entered into between him and The Fair Store Company.

It appears from the record that in November, 1920, The Fair Store Company filed suit in the Municipal Court against said Sidney A. Loth on an account, for goods furnished and delivered; that while the suit was pending, the contract in question was entered into, and that in accordance with the terms thereof, The Fair Store Company dismissed its case then pending against Loth. In accordance with the terms of this contract, Loth made six payments of $15.00 each, thereby reducing the balance on the account to $119.89. The last of these payments was made on June 16, 1921. On February 13, 1925, Loth was adjudged insane by the Probate Court of Hamilton County, Ohio, and was committed to Longview Hospital for the insane. A short time thereafter, Loth died, and this action has been brought against his administrator for the balance due under the contract.

Counsel for plaintiff in error argue that all contracts entered into by lunatics are void and unenforcible; that the weight of the evidence tended to show that Loth was insane at the time the contract was entered into; that the contract is therefore unenforcible; and that the judgment based upon it is erroneous.

In 14 R. C. L., 584, title, "Insanity," section 40, it is said:

(Here follows quotation of this section.)

In Hosler v. Beard, 54 Ohio St. 398, the first two propositions of the syllabus of the court read as follows:

(Here follows quotation as noted.)

Our examination of the foregoing case leads us to the conclusion that it is the law in Ohio that a contract made by an insane person can be enforced in favor of the other party, when such contract has been entered into by the other party in good faith, without knowledge of the insanity, and for fair and adequate consideration, and when the consideration that has passed to the insane person cannot be returned.

It is not claimed that the Company acted in bad faith, or that it knew or even believed Loth to be insane.

The consideration, to-wit: the dismissal of the suit, had been received by Loth and can-

not be restored to the Fair Company, inasmuch as action is barred on the original account, which formed the basis of the suit in the Municipal Court that was dismissed in 1920, pursuant to this contract.

We are of opinion that there was sufficient evidence to show the good faith of the Company and the fairness of the contract; and, since it is not possible to restore to the Company the consideration received from it by Loth, we hold that the trial court was correct in rendering judgment against Loth's estate.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, will therefore be affirmed.

(Hamilton, PJ., and Cushing, J., concur.)